**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------- X
GISELLE M. DIAZ,                :
                                :
                 Plaintiff,     :
                                :
      -against-                 :
                                :
AMBER TRANSPORT, LLC,           :
                                :
and                             :
                                :
JAIRO ROSADO VALERIO,           :
                                :
                 Defendants.    :
------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/04/2016

No. 15 Civ. 05820
**OPINION & ORDER**

**JOHN F. KEENAN, United States District Judge:**

    Before this Court is Defendants Amber Transport, LLC ("Amber") and Jairo Rosado Valerio's ("Valerio") (collectively, "Defendants") motion to dismiss Plaintiff Giselle M. Diaz's ("Plaintiff") Complaint for improper service of process under Federal Rule of Civil Procedure 12(b)(5).

    On December 1, 2015, the Court set forth a pre-trial scheduling order for briefing on the Defendants' motion to dismiss. (See Minute Entry, Diaz v. Amber Trans., LLC, 15 Civ. 05820 (Dec. 1, 2005).)  The Defendants' motion and accompanying papers were due by December 10, 2015. (Id.)  The Plaintiff's opposition papers were due by December 24, 2015. (Id.)  The Defendants' reply papers were due by January 3, 2016. (Id.)

    The Defendants timely served their motion to dismiss on Plaintiff on December 11, 2015, after seeking and obtaining a

1

one-day extension for the previous briefing schedule from this Court. (See Order 1-2 (Dec. 11, 2015), ECF No. 9; Letter from Jeremy I. Stein to the Court 1 (Dec. 11, 2015), ECF No. 7; Letter from Mark J. Linder to the Court 1 (Mar. 22, 2015), ECF No. 17 [hereinafter, "Linder Letter"].)  The Plaintiff never served an opposition nor sought any extension from this Court.

Instead, on December 17, 2015, the Plaintiff sent a stipulation of discontinuance of the action without prejudice to the Defendants. (Linder Letter 1.)  The Defendants did not respond to that stipulation of discontinuance. (See id. 1-2; Letter from Jeremy I. Stein to the Court 1-2 (Mar. 24, 2016), ECF No. 18 [hereinafter, "Stein Letter"].)

In accordance with this Court's Individual Practices, and after communication from this Court's Chambers to counsel for both Plaintiff and Defendants, the Defendants electronically filed their motion to dismiss on March 10, 2016. (See Motion, Diaz, 15 Civ. 05820 (filed Mar. 10, 2016), ECF No. 13.)

Thereafter, on March 22, 2016, the Plaintiff wrote this Court to request leave to oppose the motion to dismiss. (Linder Letter 1-2.)  The Plaintiff does not contest the substance of the Defendants' motion to dismiss. (Id. at 1.)  Indeed, counsel for the Plaintiff concedes that "[u]pon receipt and careful review of the motion[, he] agreed that service was never properly effectuated upon defendants in the instant action."

(Id.)  Instead, the Plaintiff seeks leave only to oppose dismissal with prejudice. (Id. at 2.)  On March 24, 2016, the Defendants opposed the Plaintiff's request. (Stein Letter 1-3.)

Because the Court GRANTS the Defendants' motion to dismiss WITHOUT PREJUDICE, the Plaintiff's request for leave to oppose the motion to dismiss is DENIED AS MOOT.

## I.  Background

On June 3, 2015, the Plaintiff, a New York resident, filed suit against Defendant Valerio, a resident of New Jersey, and Defendant Amber, a New Jersey corporation with its principal place of business in New Jersey, in the Supreme Court of New York, Bronx County. (See Aff. of Jeremy I. Stein in Support of Mot. to Dismiss Exs. A-C (Mar. 10, 2016), ECF Nos. 16-1 to -3 [hereinafter "Stein Aff."].)  The Plaintiff's Complaint alleges that Defendants are liable for the Plaintiff's personal injuries resulting from their negligent, careless, and reckless conduct that caused a motor vehicle accident on December 9, 2013, in the Bronx. (Id. Ex. A.)  The Plaintiff alleges damages of at least $100,000.00. (Id.; Notice of Removal Ex. F, ECF No. 1-6.)

On June 25, 2015, the Plaintiff attempted unsuccessfully to serve the Defendant by delivering the summons and verified complaint to a "Ms. Rosario" at an apartment in the Bronx where Defendant Valerio once lived. (Stein Aff. Ex. E.)  The Defendants received only a courtesy copy of the summons and

3

verified complaint from their insurance carrier by U.S. Mail. (Id. ¶ 6; Notice of Removal ¶ 1, ECF No. 1.)

On July 24, 2015, the Defendants removed the action to this Court based on its diversity jurisdiction under 28 U.S.C. § 1332(a). (See Notice of Removal ¶¶ 8-15.)

On December 1, 2015, the Court held a status conference in order to set deadlines for the Defendants' motion to dismiss, but the Plaintiff's counsel failed to appear. (See Order 1-2, ECF No. 10.)  As noted above, on December 11, 2015, the Defendants subsequently moved to dismiss the action with prejudice under Federal Rule of Civil Procedure 12(b)(5), asserting that the Plaintiff failed to properly serve either Defendant in accordance with Federal Rule of Civil Procedure 4. (See Mem. of Law in Support of Mot. to Dismiss (Dec. 11, 2015), ECF. No. 15 (filed Mar. 14, 2016).)

The Plaintiff failed to timely file an opposition. (Linder Letter 1-2; Stein Letter 1-2.)  In accordance with this Court's Individual Practices no documents were filed electronically prior to March 2016.  In March 2016, this Court's Chambers contacted counsel for both parties seeking status of the motion to dismiss. (Linder Letter 1-2; Stein Letter 1-2.)  The Plaintiff's counsel advised that they did not intend to oppose the motion to dismiss. (Linder Letter 1-2.)  After the Defendants filed their December 2015 motion electronically on

4

March 10, 2016, the Plaintiff requested leave to file an opposition out of time. (Id.)  In seeking leave to file a late opposition, the Plaintiff concedes improper service but challenges a dismissal with prejudice. (Id.)

## II.  Analysis

### A.  Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000.  Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

### B.  Legal Standard

When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service. Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010).  A court must look to matters outside the complaint to determine whether it has jurisdiction. Darden v. Daimler Chrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

When a defendant is not served within the time limit specified by Rule 4(m), the court must either dismiss the action without prejudice or order that service be made within a specified time. FED. R. CIV. P. 4(m).[1]  If the Plaintiff can

---

[1]  Effective December 1, 2015, Congress amended Rule 4(m) to shorten the period for service from 120 days to 90 days.  Both

demonstrate good cause, the court must extend the time for service for an appropriate period. Id.

In the absence of a showing of good cause, district courts retain discretion to grant extensions of the time limit to serve process. Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007). Courts typically consider the following four factors when deciding whether to extend the time limit absent a showing of good cause: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect of service; and (4) whether the defendant would be prejudiced by the granting of the plaintiff's request from the provision. E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999); accord In re MTBE Prods. Liab. Litig., 2016 WL 270866, at * 2.

### C. Discussion

The Plaintiff concedes that she failed to properly serve the Defendant. (See Linder Letter 1.) Therefore, this action must be dismissed without prejudice unless the Plaintiff shows good cause or the Court otherwise grants an extension. FED. R.

---

time limits have expired. The Court notes, however, that the 120-day period is appropriate here. See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., No. 1:00-1989, --- F. Supp. 3d ----, 2016 WL 270866, at *1 n.8 (Jan. 21, 2016).

CIV. P. 4(m).  The Plaintiff failed to timely oppose the Defendants' motion to dismiss and did not assert any reason for delay in service in her subsequent letter seeking leave to oppose the motion. (See Linder Letter 1-2.)  Absent any showing of good cause, the Court concludes that the Eastern Refractories factors weigh in favor of dismissal without prejudice.

First, the applicable statute of limitations would not bar a refiled action.  The Plaintiff's Complaint alleges that the events giving rise to the claim occurred on December 9, 2013. (Stein Aff. Ex. A.)  In New York, the statute of limitations for personal injury is three years. See N.Y. C.P.L.R. § 214(5). Therefore, as the Plaintiff acknowledges, the statute of limitations governing this action will not expire until December 9, 2016. (See Linder Letter 2.)  This factor weighs in favor of dismissal without prejudice.

Second, the Defendants had actual notice of the claims asserted in the Complaint.  The Defendants admit to receiving a copy of the Complaint from their insurance company, which provided notice of the claims asserted. (See Notice of Removal ¶ 1; Stein Aff. ¶ 6.)  This factor weighs in favor of extending the time period to serve process.

Third, the Defendants did not attempt to conceal the defect of service.  Indeed, the first three paragraphs of the Defendants' Notice of Removal (filed within the 120-day limit)

7

advises that neither Defendant was served and details the lack of service. (See Notice of Removal ¶ 1.) Therefore, the Plaintiff was made aware well within the time period for service that any attempted service had been unsuccessful. This factor weighs in favor of dismissal without prejudice, because it provided the Plaintiff with ample opportunity to serve the Defendants within the prescribed timeframe.

Fourth, the Defendants would not be prejudiced by the granting of the Plaintiff's request from the provision. The Defendants have notice of the claims and this action remains timely through December 9, 2016. This factor weighs in favor of extending the time period to serve process.

On balance, the Court accords less weight to the factors favoring the Plaintiff, because the Plaintiff has exhibited an overall lack of diligence in pursuing this case. The Plaintiff's counsel failed to attend the only pre-trial conference set in this case and consistently indicated to both this Court and the Defendants that the Plaintiff intended not to oppose the motion to dismiss. It was not until months after the deadline to oppose expired that the Plaintiff's counsel sought leave to file an opposition out-of-time and, then, only to object to dismissal with prejudice. Considering that the Plaintiff's action will not be barred by the statute of limitations, dismissal without prejudice is appropriate here.

See Tuitt v. Long Island R.R. Co., No. 10 Civ. 8582 (ALC)(GWG), 2012 WL 3241658, at *5 (S.D.N.Y. Aug. 10, 2012) (Gorenstein, Mag. J.) (weighing a plaintiff's lack of diligence in denying a motion to extend time relating to Rule 4(m) where the Eastern Refractories factors were otherwise equally balanced), adopted by Tuitt, No. 10 Civ. 8582 (ALC)(GWG) (Sept. 10, 2012).

The Court declines to dismiss the action with prejudice because Rule 4(m) directs that such a dismissal should be without prejudice, the Second Circuit strongly prefers to resolve disputes on the merits, see Sony Corp. v. Elm State Elecs., 800 F.2d 317, 320 (2d Cir. 1986), and dismissal without prejudice is the fairest and most equitable resolution here.

## Conclusion

As the Plaintiff does not dispute that she failed to timely serve the Defendants in this action, the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) is GRANTED and this action is DISMISSED WITHOUT PREJUDICE. As the Plaintiff's March 22, 2016 letter requested leave only to oppose a dismissal with prejudice, that request is DENIED AS MOOT. SO ORDERED.

Dated:     New York, New York
           April 4, 2016

*/s/ John F. Keenan*
John F. Keenan
United States District Judge